DANIEL G. BOGDEN
United States Attorney
AMBER M. CRAIG
Assistant United States Attorney
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
PHONE: (702) 388-6336
FAX: (702) 388-6698

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA
### -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>     vs.<br><br>HARLAN QUESTORIA HIGA,<br><br>             Defendant. | **2:12-cr-155-APG-VCF**<br><br>GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF PROBATION |

COMES NOW the United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and AMBER M. CRAIG, Assistant United States Attorney, and respectfully requests that Defendant's Motion for Early Termination of Probation be denied.

### RELEVANT PROCEDURAL FACTS

On June 6, 2013, Defendant entered a guilty plea to Count Two of the Indictment, charging him with Possession of a Controlled Substance with Intent to Distribute – THC, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).  On November 12, 2013, the Court sentenced Defendant to three years of probation.  The remaining counts of the Indictment were dismissed.  Defendant has approximately a year and a half of probation remaining.

Defendant moves this Court for early termination of probation based on his compliance with conditions.

The Government respectfully requests that the Court deny Defendant's motion since

Defendant committed a serious drug crime, was already afforded a substantial reduction to his sentence when the Court followed the parties' recommendations in the plea agreement, and sentenced the Defendant to probation, as opposed to a term of imprisonment within the applicable Guideline range of 37-46 months, and his Probation Officer opposes early termination.

## POINTS AND AUTHORITIES

This Court may, after considering certain enumerated factors,[1] terminate a term of supervised release at any time after the expiration of one year of supervised release ". . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice. 18 U.S.C. § 3583(e)(1). The burden is on the defendant to demonstrate that early termination is justified. *United States v. Weber*, 451 F.3d 552, 559 n. 9 (9th Cir. 2006).

Among courts that have considered this question, both in this context and in the context of similar motions for early termination of supervised release, the majority rule appears to be that "mere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination." *United States v. Caruso*, 241 F. Supp.2d 466, 469 (D.N.J. 2003) (collecting cases); *see also United States v. Miller*, 205 F.3d 1098, 1100-01 (9th Cir. 1999); *United States v. Grossi*, 2011 WL 704364, at *2 (N.D.Cal. 2012); *United States v. Rivera*, 2015 WL 2344758, at *3 (E.D.Wis. 2015) ("[I]f simply following the rules were enough, any defendant who avoided revocation could obtain early termination); *United States v. Abdelhady*, 2013 WL 1703775, at *2 (W.D.Pa. 2013) ("[I]t is well-settled that mere compliance with the terms of supervised release, while commendable, is not sufficiently extraordinary to justify

---

[1]     Those factors are: 18 U.S.C. § 3553(a)(1) nature and circumstances of the offense and history and characteristics of the defendant; 18 U.S.C. § 3553(a)(2)(B) to afford adequate deterrence to criminal conduct; (a)(2)(C) to protect the public from further crimes of the defendant; 18 U.S.C. § 3553(a)(4) the kinds of sentences and the sentencing range established [under the Sentencing Guidelines]; 18 U.S.C. § 3553(a)(5) any pertinent policy statement [under the Guidelines]; 18 U.S.C. § 3553(a)(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553.

early termination.").

Occasionally, a changed circumstance, for instance exceptionally good behavior or a paid amount of restitution, may render a previously imposed term of supervised release too harsh or inappropriately tailored to serve the general punishment goals of 18 U.S.C. § 3553(a).  In such cases the Court may discharge a defendant from supervised release.  *See United States v. Grimaldi*, 482 F.Supp.2d 248 (D. Conn 2007).

The Judicial Conference endorses nine criteria for assessing whether early termination should be granted:  1) stable community reintegration; 2) progressive strides toward supervision objectives and in compliance with all conditions of supervision; 3) no aggravated role in the offense of conviction, particularly large drug or fraud offenses; 4) no history of violence; 5) no recent arrests or convictions; 6) no recent evidence of alcohol or drug abuse; 7) no recent psychiatric episodes; 8) no identifiable risk to the safety of any identifiable victim; and 9) no identifiable risk to public safety.

In the instant case, the third and ninth factors weigh against Defendant.  Defendant and his co-defendant, Jon-Paul Natto, committed a serious drug offense, which was aggravated by Defendant's possession of multiple firearms.  Defendant and Natto grew marijuana and made THC-laced edibles and butter to sell to others and to medical marijuana dispensaries.  Inside their home, officers seized 1,182 grams of marijuana, 1,420 grams of THC-laced edibles, 484 grams of THC-laced butter, and equipment used in indoor marijuana grow operations.  Inside Defendant's room, officers seized six firearms.

Based on the quantity of drugs found in the residence, Defendant faced a Guideline range of 46-57 months without safety valve qualification, and 37-46 months with safety valve qualification.

Defendant was afforded numerous concessions in the plea agreement, as well as a substantial sentencing variance, which resulted in his receiving a non-custodial sentence.  First, the Government

agreed not to pursue a charge of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c), which would have called for a sentence of 60 months, to be served consecutive to the sentence imposed for the other counts of the indictment.  The Government also agreed not to seek a two-level enhancement for possession of a firearm, pursuant to U.S.S.G. § 2D1.1(b)(1).  Additionally, the Government agreed to recommend that Defendant qualified for the two-level "safety valve" reduction, pursuant to U.S.S.G. § 5C1.2, despite his possessing firearms in connection with the offense.  Had the Government charged the § 924(c) or sought the aforementioned enhancements, Defendant's Guideline range would have been 106-117 months.  The Government also agreed to recommend that Defendant only be held accountable for 475 grams of THC, as opposed to all the drugs involved in the offense, and recommended a base offense level of 22, as opposed to 26.  Finally, the Court granted a significant sentencing variance from the Guideline range of 37-46 months, and imposed a sentence of three years of probation.

Defendant's sentencing exposure was significantly greater than the sentence ultimately imposed:  probation.  Given that Defendant already received substantial sentencing concessions, he should not receive further concessions in the form of early termination of supervision simply because he has been compliant.

Defendant played an aggravated role in the offense because the majority of the drugs were found in his bedroom, in addition to the six firearms.  The nature and circumstances of the crime constitutes a risk to public safety.

Defendant's probation officer opposes early termination.  Defendant received a non-custodial sentence that was significantly less than his sentencing exposure.  To terminate his probation early would afford him a windfall reduction to his sentence.  Continued supervision for the remainder of the term imposed by the Court is reasonable, necessary, and rationally related to deterring criminal

conduct and protecting the public.

## **<u>CONCLUSION</u>**

Based on the forgoing, the Government requests that the Defendant's Motion for Early Termination of Probation be denied.

Respectfully submitted this 2nd day of June, 2015.

Respectfully Submitted,

DANIEL G. BOGDEN
United States Attorney

*/s/ Amber M. Craig*
AMBER M. CRAIG
Assistant United States Attorney

5